IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELIUS M. MOORE, | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-578-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 03-30050 |
| | ) |
| Respondent/Plaintiff. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Before the Court is Petitioner's *second* motion to reconsider (Doc. 6), filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. In this motion, Petitioner argues that the Court erred, first, in dismissing this case and, second, in denying his first Rule 59(e) motion (*see* Docs. 2, 3, 5). Specifically, he claims that the Court erred in finding that his Section 2255 motion was barred by the waiver provisions of his plea agreement. Although he concedes that the waiver provisions bar him from challenging his sentence, he claims it does not bar him from bringing a claim of ineffective assistance of counsel.

The Court has carefully reread Petitioner's Section 2255 motion (Doc. 1) and finds, once again, that every specific ground raised in that motion is a challenge to the calculation of his sentence. Ground One states:

> I was sentenced in violation of my Sixth Amendment rights, therefore, my sentence is illegal and invalid. Because of a recent Supreme Court ruling, my sentence is no longer valid. I was enhanced from a base offense level by the court using criteria that was not submitted to the jury, nor proved beyond a reasonable doubt.

> The court did not prove to a jury all the facts legally essential to the punishment that was imposed on me.

This claim clearly attacks his sentence, and, therefore, it is barred by the waiver provisions of the plea agreement.

Ground Two states:

> Illegal enhancements that were not proved beyond a reasonable doubt. Appellant states that he should only be held responsible for under 50 grams of cocaine base. Even at under 50 grams the base offense level is 30, minus 3 points for acceptance of responsibility, this equals level 27. At criminal history III the guidelines are 87-108 months. Defendant states that his criminal history has been scored incorrectly. See ground three.

Again, this claim clearly attacks his sentence, and, therefore, it is barred by the waiver provisions of the plea agreement.

Ground Three states:

> Criminal History has been incorrectly scored and needs to be corrected. Defendant states that the Probation Department added his criminal history not only by illegal enhancements, but using unscorable convictions to bring his criminal history to a III, when in fact his criminal history should be 1 point for the possession of a controlled substance on 09-08-2000. Defendant received 30 months probation which equals one point. The rest are uncountable, which leaves defendants prescribed statutory penalty at level 29, Criminal History Category I, which equals 87-107 months. Because defendant meets the criteria of 18 U.S.C. 3553, 1-5, his base offense level should be 17 at criminal history category I, prescribed statutory penalty of 24-30 months.

As with Ground One and Ground Two, this claim directly attacks his sentence, and, therefore, it is barred by the waiver provisions of the plea agreement.

Ground Four contains the only reference to counsel at all, and it states:

> Appellant would like to preserve his right to argue the ineffectiveness of his counsel. Appellant does not have all the necessary transcripts

> available to support his claim at the present time, and would like to preserve the right to argue this at a later date. He has been trying to receive the necessary documents, and also any Brady Act material, Jencks and any and all exculpatory material the government and its agents have in their possession.

Although this claim is not an attack on his sentence, it clearly does not present a viable claim of ineffective assistance of counsel. There is no statement suggesting what counsel's failings were, nor is there a statement indicating how Petitioner was prejudiced by counsel's perceived inadequacies. *See generally Strickland v. Washington*, 466 U.S. 668 (1984). As for preserving the right to argue the point at a later date, Petitioner filed his Section 2255 motion on August 8, 2004, almost a year after he was sentenced on October 6, 2003. Since that initial filing, he has not made one attempt to amend his Section 2255 motion in a timely manner in order to argue his claim of ineffective assistance of counsel.

In summary, the Court finds that its rulings denying the Section 2255 motion (Doc. 2) and the first Rule 59(e) motion (Doc. 5) were correct. Accordingly, this second Rule 59(e) motion is **DENIED**.

**IT IS SO ORDERED.**

DATED:  08/31/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
