**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CORNELIUS M. MOORE,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.  04-578-GPM** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL NO.  03-30050-GPM** |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Before the Court is Petitioner's *third* motion for reconsideration (Doc. 8), filed pursuant to

Rule 59(e) of the Federal Rules of Civil Procedure.

Once again, Petitioner argues that the Court should not have dismissed this action as barred

by the waiver provisions of his plea agreement, as he did not waive the right to file a challenge to

counsel's effectiveness.  Essentially, he claims that due to counsel's actions and inactions, his

sentence was improperly calculated.  This argument is simply a back-door method of challenging

his sentence, but the waiver provision contained in the plea agreement clearly states that he "waives

his right to challenge his sentence or the manner in which it was determined in any collateral attack,

including but not limited to a motion brought under Title 28, United States Code, Section 2255."

Plea Agreement at ¶ II-11 (Doc. 25, criminal case).

In summary, the Court finds that its prior rulings were correct.  Accordingly, this third

Page 1 of  2

motion to reconsider is **DENIED**.

    **IT IS SO ORDERED.**

    DATED:  04/25/06


                         s/ G. Patrick Murphy
                         G. PATRICK MURPHY
                         Chief United States District Judge